**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4825

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ROBERTO TEXIDORE,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:10-cr-00179-MOC-1)

Submitted:  June 10, 2014    Decided:  June 17, 2014

Before WILKINSON, SHEDD, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Texidore appeals the six-month sentence imposed upon the district court's revocation of his supervised release. Texidore alleges that his sentence is plainly unreasonable. For the following reasons, we affirm.

In reviewing a sentence imposed after revocation of supervised release, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Thus, we will affirm a supervised release revocation sentence if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010).

The first step is to determine "whether the sentence is unreasonable." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). Only if the sentence is procedurally or substantively unreasonable will the inquiry proceed to the second step, which is to determine "whether the sentence is plainly unreasonable." Id. at 439. A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors, Crudup, 461 F.3d at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in

2

as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440.

We conclude that Texidore's six-month sentence is reasonable. A review of the record confirms that the district court considered the advisory policy statement range and the applicable § 3553(a) factors and stated a proper basis for the sentence imposed. See United States v. Rivera-Santana, 668 F.3d 95, 105 (4th Cir. 2012) (recognizing that court "will credit an articulation [of the § 3553(a) factors] as clear and appropriate, when the reasons [given by the district court] can be matched to a factor appropriate for consideration and tailored to the defendant's situation") (internal quotation marks omitted).

Here, the district court's stated rationale for Texidore's sentence was adequate. In this regard, a sentencing court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). Thus, for each sentence, the "court must place on the record an individualized assessment based on the particular facts of the

case before it." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks and citations omitted); see United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (noting that, "[w]hen imposing a sentence within the Guidelines, . . . the explanation need not be elaborate or lengthy").

We conclude that the district court made clear its reasons for imposing Texidore's sentence and the § 3553(a) factors it found relevant to the sentence. Moreover, the need for explanation was diminished both by the fact that the district court imposed a within-Guidelines sentence and the fact that the district court was imposing sentence on a revocation matter. See Rita, 551 U.S. at 356 ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."); Thompson, 595 F.3d at 547 ("A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence . . . .").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4